UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DANNY CASTRO,<br><br>           Petitioner,<br><br>    v.<br><br>LARRY SMALL,<br><br>           Respondent. | No. EDCV 08-1151 JVS (FFM)<br><br>ORDER RE SUMMARY DISMISSAL OF ACTION WITHOUT PREJUDICE |

Petitioner filed the instant Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") on August 27, 2008. The petition challenges petitioner's conviction for first degree murder on the ground that allegedly irrelevant evidence as to shot gun shells, marijuana, and petitioner's prior possession of a gun was introduced into evidence. Petitioner does not state any federal basis for his contention.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State

corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).  Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel.  *See* 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979).  A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based.  *See Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); *Picard v. Connor*, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996).  A federal court may raise the failure to exhaust issue *sua sponte* and may summarily dismiss on that ground.  *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (per curiam); *see also Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

Petitioner has the burden of demonstrating that he has exhausted available state remedies.  *See, e.g., Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir. 1982). Here, it plainly appears from the face of the petition that petitioner cannot meet this burden with respect to the claim being alleged by him.  Although petitioner states that he raised the ground asserted herein in his appeal, it is clear from his filing that he did not raise this claim in his petition for review to the California Supreme Court.  In this regard, petitioner has attached a copy of his brief in support of his petition for review in the California Supreme Court.  The issue raised in that brief is whether the state had introduced sufficient evidence of premediation and deliberation to sustain the conviction for first degree murder. No issue regarding the propriety of introducing evidence of shot gun shells,

marijuana, or prior gun possession is mentioned in the filings. Thus, petitioner's instant claims are unexhausted.

If indeed it were clear that the California Supreme Court would hold that petitioner's unexhausted federal constitutional claim was procedurally barred under state law, then the exhaustion requirement would be satisfied.[1] *See Castille v. Peoples*, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); *Johnson v. Zenon*, 88 F.3d at 831; *Jennison v. Goldsmith*, 940 F. 2d 1308, 1312 (9th Cir. 1991). However, it is not "clear" here that the California Supreme Court will hold that petitioner's federal constitutional claim is procedurally barred under state law. *See, e.g., In re Harris*, 5 Cal. 4th 813, 825 (1993) (granting habeas relief where petitioner claimed sentencing error, even though the alleged sentencing error could have been raised on direct appeal); *People v. Sorensen*, 111 Cal. App. 2d 404, 405 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition). The Court therefore concludes that this is not an appropriate case for invocation of either exception cited above to the requirement that a petitioner's federal claim must first be fairly presented to and disposed of on the merits by the state's highest court.

---

[1] In that event, although the exhaustion impediment to consideration of petitioner's claim on the merits would be removed, federal habeas review of the claim would still be barred unless petitioner could demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim would result in a "fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991).

3

1  IT THEREFORE IS ORDERED that this action be summarily dismissed
2  without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases
3  in the United States District Courts.
4  LET JUDGEMENT BE ENTERED ACCORDINGLY.

7  DATED: October 6, 2008

_____
JAMES V. SELNA
United States District Judge

Presented by:

/S/ FREDERICK F. MUMM
_____
FREDERICK F. MUMM
United States Magistrate Judge